IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21096
Summary Calendar
_____

LAURA COLLEY, Individually,
and as Next of Kin Joe Powers;
JOE POWERS,

                                        Plaintiffs-Appellants,

versus

MONTGOMERY INDEPENDENT SCHOOL DISTRICT,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-783
--------------------
June 26, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs, Laura Colley (Colley), individually and on
behalf of her minor son, Joe Powers (Powers), appeal the district
court's denial of their 42 U.S.C. § 1983 claim against the
Montgomery Independent School District (MISD) and their motion
for additional discovery pursuant to Fed. R. Civ. P. 56(f).  As
plaintiffs have failed to allege that the district court erred in
dismissing their racial discrimination and equal protection

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims, these claims have been abandoned. Yohey v. Collins, 985 F.2d 222, 224 (5th Cir. 1993).

MISD filed a motion to dismiss plaintiffs' § 1983 claim pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. The district court gave no reasons for its dismissal of plaintiffs' claim and did not state under what statutory authority the dismissal was based. Because plaintiffs further defined their § 1983 claim in their opposition to MISD's motion to dismiss, because MISD addressed the merits of these arguments in its reply to plaintiffs' motion in opposition, and because both parties submitted summary judgment evidence with their motions to the district court, we presume that the district court's final judgment was a grant of summary judgment under Rule 56 as opposed to a dismissal under Rule 12(b)(6). We review a grant of summary judgment *de novo*.

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured [ ] by the Constitution or laws of the United States and a violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). In order for a school district to be held liable under § 1983, a plaintiff must prove that the constitutional violation was committed pursuant to a governmental "policy or custom." Monell v. Department of Soc. Servs., 436 U.S. 658, 694-95 (1978).

Having reviewed the district court's opinion, the briefs, and the record, we conclude that plaintiffs failed to establish liability on the part of MISD under § 1983. During her

deposition, Colley stated that in every other instance in which her son was picked up from school, the MISD policy for student departure was followed and that the complained-of instance was contrary to the policy or custom of MISD. Colley additionally stated that she was unaware, either through talking with school officials or anyone else, of other instances in which students were picked up by unauthorized individuals. Plaintiffs have therefore failed to establish facts sufficient to prove liability against MISD under the Monell standard, and the district court's grant of summary judgment was proper.

The district court's denial of plaintiffs' Rule 56(f) motion for additional discovery was also proper. The only specific items referenced in plaintiffs' Rule 56(f) motion were "Parent Sign Out Sheets." Plaintiffs did not explain how these sheets would prove that MISD had a pattern or practice of releasing children to unauthorized individuals. In fact, based upon the record, these sheets, standing alone, would not prove that MISD had such a pattern or practice. MISD policy dictated that school officials check a child's "information card" and request proof of a person's identity before allowing a person to sign a child out of school. Accordingly, the sign-out sheets would not tell plaintiffs whether the persons signing the children out of school were authorized to do so. In addition, plaintiffs have failed to establish any prejudice resulting from their inability to discover the sign out sheets or any other documents.

AFFIRMED.